**FLEXI–VAN LEASING, INC., Plaintiff,**

v.

**FLOTA VENEZOLANA DE MAR, RIO Y LAGO S.A. doing business as Linea Marlago, Defendant.**

**No. 89 Civ. 1319 (RPP).**

United States District Court,
S.D. New York.

April 11, 1990.

Richard L. Garelick, Coti & Flicker, New York City, for plaintiff.

Peter J. Zambito, Dougherty, Ryan, Mahoney, Pelligrino, Giuffra & Zambito, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Flexi–Van Leasing, Inc. (FVL), moves and defendant Flota Venezolana de Mar, Rio y Lago S.A. (Flota) cross-moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff also moves in the alternative for an order compelling discovery and for sanctions pursuant to Federal Rule of Civil Procedure 37.

FVL, a Delaware corporation with an office in New Jersey, filed this action on February 24, 1989 seeking funds to which it is allegedly entitled under an agreement for leasing eighty-five intermodal chassis units from December 6, 1985 through April 30, 1987. FVL has come forward with copies of lease agreements and signed receipts as evidence of the agreement and the delivery of the vans. All bills, receipts, agreements and correspondence pertaining to the agreement name the lessee as Linea Marlago, S.A. (Linea) or West Indies Transport Co. (WIT). Flota contends that it is a Venezuelan corporation; Linea is a Pan-

amanian corporation; and WIT is a Delaware corporation.

On May 1, 1989, counsel for FVL served counsel for Flota with a notice of deposition and a request to produce documents. FVL consented to postpone the return date until June 2, 1989. On June 8, 1989, the Court granted Flota's request for a stay of discovery while settlement discussions ensued. On July 6, 1989, the Court authorized the parties to continue with discovery and the following day FVL again made a deposition request. In response to the notice of deposition, Flota offered Mr. W. James E. Oelsner, an ex-officer of WIT with no direct association with Flota. FVL rejected the offer; however, an FVL attorney deposed Mr. Oelsner at length on July 26, 1989 in connection with an unrelated case pending in the Southern District of Florida. On August 18, 1989, FVL made a request to produce documents and set August 24, 1989 as the deadline. On September 13, 1989, the Court extended the discovery deadline to November 15, 1989. FVL's motions and Flota's cross-motion were filed on October 13, 1989 and November 14, 1989, respectively. Oral argument was heard on December 14, 1989. Flota has yet to respond to the discovery requests of FVL.

### Discussion

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law because, after sufficient time for discovery, the non-moving party has failed to make a sufficient showing of an essential element of its case as to which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Flota argues that FVL's motions should be denied and summary judgment should be granted because Linea and WIT—but not Flota—were parties to the leasing agreement. The parties disagree over whether Flota is a distinct entity from Linea and WIT. FVL relies on the designation of "Linea Marlago" as a "trade name" for Flota in a document signed by a WIT executive, entitled "CUSTOMER CREDIT PROFILE" and addressed to FVL. Snoke

Aff.Ex. A (Nov. 28, 1989). Flota admits that it has a "very involved contractual relationship" with Linea, Zambito Aff. ¶ 5 (Nov. 30, 1989); however, denies that its relationships with WIT and Linea were intimate enough so that it could be held liable for their roles in the leasing agreement. Issues of fact exist as to whether FVL has named the correct party in its complaint which can only be resolved by discovery of Flota. Accordingly, genuine issues of material fact exist and the cross-motion is denied.

Issues of fact also exist on FVL's motion. Copies of several of the agreements are unsigned and, if the agreements are valid, the extent of the funds due FVL is unclear. These issues can only be resolved after discovery of the lessee. Accordingly, plaintiff's motion for summary judgment is denied.

The Court orders both sides to respond to the pending discovery and deposition requests by June 1, 1990. A pretrial conference is set for June 22, 1990 and a pretrial order is due by June 15, 1990. The motion for sanctions is denied at this juncture; however, it may be renewed should Flota fail to obey this order.

IT IS SO ORDERED.